THE NAVAJO TRIBE OF INDIANS

Plaintiff-Apellee

vs.

CLEMENTINE GORMAN SALWAY

Defendant-Appellant

Decided on February 8, 1972

Merwin Lynch, Deputy Trial Prosecutor, Office of Prosecutor, Window Rock, Arizona, for Plainitff-Appellee

Florence Paisano, D.N.A., Chinle, Arizona, for Defendant-Appellant

Before KIRK, Chief Justice, BECENTI and YELLOWHAIR, Associate Justices

KIRK, Chief Justice

This case comes before the Court on an appeal from a judgment of the Trial Court for the Chinle District finding the defendant guilty of possessing and selling wine in violation of Title 17, Navajo Tribal Code, Section 561, and sentencing her to sixty (60) days in jail but suspending the sentence and placing her on probaton for that period.

We have heard the case de novo and find that the evidence

-47-

shows the defendant to be guilty of the crime charged beyond a reasonable doubt. This finding is based entirely upon evidence other than the testimony of the witnesses Homer Bluehouse and Frank Adakai relating to the search of the defendant's home under a search warrant issued out of the Trial Court on March 18, 1971.

The procedure for the issuance and service of a search warrant is set out for us by Title 17, Navajo Tribal Code, Sections 1042, 1043 and 1044. This has been added to by Rule 23 of the Rules of Criminal Procedure for the Navajo Courts adopted on January 1, 1972. A similar rule was in force at the time the search warrant in question was issued. These procedures follow the Civil Rights Act of 1968, relating to the rights of Indians (25 U.S.C., Section 1302(2)) and must be observed. One of the requirements of Title 17, Navajo Tribal Code, Section 1044 is that the search warrant may be served only by a member of the Indian police. The evidence showed that Mr. Bluehouse was a juvenile probation officer and was not authorized to act as a police officer in the case of an adult.

No objection was made to the admission of this evidence in this Court although objection was made in the Trial Court. Rule 23 of the Rules of Criminal Procedure provides that a person affected by an unlawful search and seizure may at any time before or during trial make a motion to suppress the evidence. This the defendant did not do. Where the defendant fails to make such a motion the right to object to the evidence is lost: 29 Am.Jur.2nd 481, Evidence, § 425. Since the evidence other than that obtained by search and seizure is sufficent to

sustain a conviction we do not decide in this case whether this evidence is admissible under the circumstances.

The judgment of the Trial Court is affirmed and the case is remanded to the Trial Court with directions that the defendant serve the sentence there imposed.

BECENTI, Associate Justice, and YELLOWHAIR, Associate Justice concur.